Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

Jan. 14, 2003.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J.L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, for Timothy C. Pigford.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for Lloyd Shafer.

Caroline Lewis Wolverton, U.S. Dept. of Justice, Washington, DC, Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for George Hall.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Marcus B. Jimison, Durham, NC, Stephon J. Bowens, Durham, NC, for Leonard Cooper.

Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Phillip L. Fraas, Washington, DC, for Abraham Carpenter.

Stephon J. Bowens, Durham, NC, for Houston Blakeney, Reatha Blakeney, Leroy Robinson, Bobbi Newton, Pearlie Peterson, Naomi Knockett, Ilenthe Porter, James Davis, Sandy McKinnon.

Michael Sitcov, Terry M. Henry, Elizabeth Goitein, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Ann M. Venerman.

Wyndell Oliver Banks, Washington, DC, for Banks Law Firm.

Randi Ilyse Roth, St. Paul, MN, pro se.

David A. Branch, Washington, DC, for Law Office of David A. Branch.

John Wesley Davis, Washington, DC, James W. Myart, Jr., Law Offices of James W. Myart, Jr. & Associates, San Antonio, TX, for Thomas Burrell.

Evans M. Folins, Los Valores, CA, pro se.

Gerard Robert Lear, Arlington, VA, for Ben Hillsman, Jr., Antonio Santos, Clinton R. Martin, Zelma J. Hillsman.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for McArthur Nesbit, Eddie Slaughter, Leo Jackson, J.B. Black, Lucious Abrams, Jr., Griffin Todd, Sr., Gregory Erves, Cecil Brewington, Herbert L. Skinner, Sr., Obie L. Beal, Clifford Lovett.

J.L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, for George Barr Griffin.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, for Sarah Davis.

Ford C. Ladd, Alexandria, VA, for James Tanner.

Evelyn M. Coleman, Hazlehurst, MS, pro se.

Willie S. Maymon, Rolling Fork, MS, pro se.

Colie Dixon, Sr., Georgetown, MS, pro se.

L.D. Maymon, Hazlehurst, MS, pro se.

Lois S. Clark, Wesson, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Linda Catching, Hazlehurst, MS, pro se.

Henry A. Vaughn, Hazlehurst, MS, pro se.

Floria A. Vaughn, Hazlehurst, MS, pro se.

Marilynn Stewart, Jackson, MS, pro se.

Ezra McNair, Crystal Springs, MS, pro se.

Grover Miller, Georgetown, MS, pro se.

Geraldstine Miller, Georgetown, MS, pro se.

Larry D. Barnes, Harrisville, MS, pro se.

Edith Lomax Barnes, Crystal Sorings, MS, pro se.

Daryl Brentr, Pinola, MS pro se.

### AMENDED MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The parties came before the Court for a status conference on December 11, 2002 to discuss the issues of attorneys' fees and potential sanctions, as well as the remanded issue of modification of deadlines in certain Track B proceedings. Because the Court did not have time to address the third issue at the hearing, it held a conference call to discuss the Track B issue on December 18, 2002 that included class counsel, counsel for the government, *pro bono* counsel and Arbitrator Michael Lewis. Based on the parties' representations in written submissions, at the hearing, and during the subsequent conference call, the Court issued a Memorandum Opinion and Order on December 30, 2002. To clarify the amount of potential sanctions at issue, the Court issues the following amended findings and relief.

■ First, as a general matter, the Court concludes that the issue of sanctions is appropriately addressed separately from the matter of attorneys' fees. While the government argues that class counsel should be penalized both with a reduction in the amount of compensable hours or a reduction in hourly billing rates *and* with sanctions, the Court finds this position untenable. To reduce the amount of counsel's fees as well as to impose sanctions would amount to a double hit, making counsel pay twice what should be a single, comprehensive penalty. Thus, although the Court has granted defendant's motion to consolidate consideration of the issue of fees with the issue of sanctions, *see* Order of November 22, 2002, the Court will not confuse the distinct questions of law and fact that underlie these fundamentally separate issues. The parties are urged to address these issues with this guidance in mind.

Second, in light of the parties' evolving positions on fees and the relatively small amounts now in dispute, the Court finds it reasonable for the parties to continue to try to settle the issue of attorneys' fees. Toward that end, the Court urges the parties to continue their negotiations and to consider the fact that a judicial determination of fees would require a vast expenditure of time and resources by all involved. Indeed, if the parties are unable to settle this issue, the Court may find it necessary to appoint a special master to handle all fee-related issues and may require the parties to bear the costs of the special master. In hopes that settlement among the parties can achieve a fair and efficient resolution without judicial intervention, the Court chooses not to appoint a special master at this time. Therefore, while several issues relating to fees remain undecided—such as defining the parameters of "implementation" work and determining the adequacy of counsel's billing records and fee petitions—the parties nonetheless may find it preferable to agree to a mutually acceptable resolution rather than to pursue precise judicial determination of all issues. Based on the representations made by certain counsel at the December 11 status conference, it seems possible that a form of "rough justice" can be achieved without the need to reach a consensus with respect to each hour spent by each attorney on each task. The Court strongly urges both sides to approach the issue with a degree of flexibility and to work

toward a nonjudicial determination of the amounts with respect to both fees and sanctions.

█ Third, independent of the parties' eventual success in settling these matters, the Court finds it appropriate to order an immediate payment in the amount of $500,000 to class and of counsel for implementation fees and costs. As stated in their recent fee petitions, class and of counsel urgently need an infusion of funds to continue their work in this case. In addition, plaintiffs expect to seek fees for non-implementation work in the future, which fees can serve as collateral for any sanctions ultimately imposed by the Court. Specifically, current requests for implementation fees total $858,685, and counsel anticipate fees for non-implementation work in the amount of $836,000 or more. In total, therefore, the attorneys' fees sought by class and of counsel now and in the future will amount to at least $1.6 million, while the potential sanctions likely will total no more than $308,000.[1] Based on these estimates, the Court concludes that the amount imposed as sanctions is unlikely to exceed or even approach the amount of fees owed to counsel and therefore that immediate payment of $500,000 for implementation work will not unfairly prejudice the defendant.[2]

Fourth, in order to ensure that the matter of attorneys' fees is resolved promptly if it cannot be settled, the Court will enter the briefing schedule suggested by the government, with the understanding that this schedule will be vacated if the parties are able to resolve the issues of fees and sanctions among themselves. For updates on the status of negotiations before then, the Court will rely on the Arbitrator, Michael Lewis, who has assisted in negotiations up to this point.

Fifth, the parties have agreed that it is necessary to institute a regular process for the submission and approval of all future fee requests. Attorney Phillip Fraas has submitted a proposal for procedures and these have been largely agreed to (with certain suggested modifications). *See* Motion for Attorneys' Fees and Costs and

---

1. Although the Court has not fully addressed the issue of sanctions, at the Court's request, the Monitor provided the Court with the following calculations of the potential sanctions based upon the Court's Orders of April 27, 2001, May 15, 2001, and June 28, 2001:

   (1) There are 31 days in the period between May 16 and June 15, 2001. $1,000 per day times 31 days equals $31,000.
   (2) There are 30 days in the period between June 16 and July 15, 2001. $2,000 per day times 30 days equals $60,000.
   (3) There are 31 days in the period between July 16 and August 15, 2001. $3,000 per day times 31 days equals $93,000.
   (4) There are 31 days in the period between August 16 and September 15, 2001. $4,000 per day times 31 days equals $124,000.
   (5) According to the formula detailed in the Orders referenced above, the total amount of sanctions would be $31,000 + $60,000 + $93,000 + $124,000, for a total of $308,000.

2. Defendant asserts that the amount of sanctions may be higher, based on the Court's Order of June 15, 2001 threatening to impose sanctions for any violations of the September 15, 2001 deadline, and based on the Court's Order of January 17, 2002 suggesting that class counsel's violation of the protective order in this case might warrant further sanctions. While the Court will not address these arguments in depth at this time, it notes that the Monitor has found no evidence of violations under the June 15, 2001 Order. *See* Monitor's Status Report Regarding Registers of Petitions, November 7, 2001. In addition, the January 17, 2002 Order explicitly notes the lack of harm resulting from plaintiffs' violation of the protective order, and the parties can assume that any sanctions based on that violation will take this factor into account. In any case, the Court concludes that it is reasonable to award $500,000 to class and of counsel at this time without serious risk of prejudice to defendant.

Expenses for Implementation Work Only for Phillip L. Fraas and for the Establishment of Deadlines and Procedures for the Resolution of Future Fees Motions. Because these procedures seem reasonable, the Court generally approves this system for submission and approval of all future fee requests. Rather than the monthly submission schedule suggested by Mr. Fraas, however, the Court concludes that quarterly submission of fee petitions would be more reasonable and efficient.

Finally, with respect to the remanded issue of modification of deadlines in certain Track B proceedings, the parties have agreed that it is necessary for the Court to decide whether or not claimants who were not originally represented by class counsel are covered by the principles articulated in the court of appeals' June 21, 2002 opinion on this issue.[3] If the Court finds that such claimants are entitled to the benefits of the court of appeals' opinion, *pro bono* counsel at Wiley, Rein & Fielding will seek new counsel to represent these claimants in pursuit of relief. With respect to those claimants who were represented by class counsel at one time and thus clearly are covered by the court of appeals' opinion, the parties agree that they will continue to pursue a settlement within a finite period of time. The parties will submit a joint report to the Court no later than February 1, 2003, stating either that the cases have been settled or that the parties believe that the cases cannot be settled without judicial intervention and proposing a schedule for briefing on this issue.

For all of these reasons, it is hereby

ORDERED that defendant shall pay class counsel Alexander Pires in the amount of $500,000 for implementation fees and costs no later than January 10, 2003. Class and of counsel who have submitted implementation fee requests shall divide this payment among themselves as they deem appropriate and Mr. Pires shall report to the Court as to when and how the division and payments have been made; it is

FURTHER ORDERED that the parties shall continue (with the assistance of Mr. Lewis) to negotiate toward settlement of the issues of fees and sanctions; it is

FURTHER ORDERED that unless settlement of the issue of sanctions is reached sooner, the government shall file a brief setting forth its position on the issue of sanctions by February 3, 2003; it is

FURTHER ORDERED that unless settlement of the issue of fees is reached sooner, the government shall file a brief setting forth its position on the issue of implementation fees by February 24, 2003. Class and of counsel shall file any responses by March 10, 2003 and the government shall file a reply, if any, by March 17, 2003; it is

FURTHER ORDERED that the parties shall continue to negotiate toward settlement of the issue of modification of deadlines in Track B cases involving claimants originally represented by class counsel. The parties shall file a joint report with the Court no later than February 1, 2003 informing the Court as to the status of the negotiations and, if necessary, including a proposed briefing schedule on this issue; it is

FURTHER ORDERED that the Court will decide the question of whether the

---

**3.** Due to a conflict of interest recently discovered by *pro bono* counsel at Wiley, Rein & Fielding, the firm that represents those Track B claimants who potentially are covered by the court of appeals' opinion but were never represented by class counsel, representation of these claimants will be assumed by Anthony Herman of Covington & Burling for the limited purpose of briefing the Court on this issue.

court of appeals' June 21, 2002 opinion applies to claimants who were never represented by class counsel. The law firm of Covington & Burling shall represent these claimants for the limited purpose of briefing this issue and the parties involved shall submit a proposed briefing schedule on this issue promptly upon receipt of this Order; and it is

FURTHER ORDERED that, for fees, costs and expenses incurred by any class counsel or of counsel after June 30, 2002—

(1) such class counsel or of counsel shall file motions for his own fees, costs and expenses, on a quarterly basis, on the 30th day of March, June, September and December;

(2) after receipt of any such motion for fees, and costs and expenses, defendant's counsel shall have 30 days to review the motion and file a response;

(3) within 10 days after defendant's counsel files a response, Arbitrator Michael Lewis shall convene a meeting of class counsel and of counsel and defendant's counsel to resolve any differences that may exist and, if possible, to reach an agreement for the payment of fees, costs and expenses covered by the motion;

(4) if no agreement for such payment is reached, class counsel and of counsel and defendant's counsel, within 10 days thereafter, shall submit to the arbitrator statements of their final positions on unresolved issues with respect to such motion;

(5) within 10 days thereafter, the arbitrator shall file with the Court the statements of final position, along with his proposed findings and recommendations with respect to the motion, copies of which shall be provided to the parties;

(6) thereafter, this Court shall rule on the motion; and

(7) quarterly motions filed by each class counsel under this procedure shall include all fees, costs and expenses generated from work done on the implementation of the Consent Decree during such period and work done during the period beginning July 1, 2001, through the end of such quarter on each Track A claim, Track B claim, or petition for monitor review that such class counsel handled and that was successfully concluded during such period; for the purposes of this clause, the facilitator shall provide to class counsel and defendant's counsel at the end of each month a report on the successful claims and petitions concluded during such month.

SO ORDERED.